*Ellis, for appellant.*

*Attorney General, for appellee.*

---

## J. R. B. PARSONS *v.* H. C. GARTRELL'S ADM'R.

**Executors and Administrators—Presentation of Claim—Waiver.**

Where an administrator, when a claim had been presented to him, declared his intention not to pay it, he thereby waived any right to require a literal compliance by the claimant with the statute, and invited litigation thereon, and can not complain that plaintiff did not duly comply with the statute in presenting the claim.

APPEAL FROM BOYD CIRCUIT COURT.

December 30, 1872.

OPINION BY JUDGE LINDSAY:

The object of the statute in requiring an account against the estate of a deceased person to be verified by the creditor and established by proof, and payment thereof demanded of the personal representative before suit, is to secure to such representative an accredited voucher and to save the expense of litigation.

In this case the appellee declined even to examine the account when presented, and avowed her intention not to pay it under any circumstances. She thereby waived any right to require a literal

compliance with the statute and invited the litigation, which she is now seeking to escape upon the ground that appellant failed to do that which was wholly unnecessary, and which could have resulted in no practical good either to himself or to the appellee. As the statute was enacted for the benefit of personal representatives to enable them to protect the estates committed to their hands, they have the power as between themselves and the creditors of these estates to consent either expressly or by implication that suits against them may be commenced and prosecuted without complying with its terms.

In this case the appellee by her conduct induced the appellant to begin his suit without making proof of his account before demand, and she must be held to have consented thereto.

The order striking appellant's petition from the docket is therefore reversed.

Upon the return of the cause the rule will be discharged and appellee required to answer.

*Pritchard, for appellant.*

*Moore, for appellee.*